Dear Mr. Hillen:
You advise this office that you are currently employed on a full-time basis as the Assistant Chief of Police for the Town of Benton, a Lawrason Act municipality. You also advise that civil service laws do not apply to Benton police officers.
You state that you have been appointed Interim Constable for District 5 in Benton, and that you intend to run for Constable in the October 2010 election. You ask if state law prohibits your continued employment as Assistant Chief of Police while you serve as Interim Constable, or as Constable, in the event you are elected to the position.
We advise that the provisions of the Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq., do not prohibit you from holding full-time employment[1] as Assistant Chief of Police while holding the local elective office of Constable.[2] La.R.S. 42:63(D) prohibits an elected official from holding "employment . . . in the same political subdivision in which he holds elected office." The political subdivision of a constable is the ward from which he is elected, while a police officer holds employment with the municipality, a separate political *Page 2 
subdivision[3] of the state. La.R.S. 42:63(D) does not prohibit a local elected official from holding employment in a separate political subdivision of the state. In accord are Opinions 97-303 and 96-217, copies attached.
It is the opinion of this office that state law does not prohibit you from holding employment as Assistant Chief of Police while serving as Interim Constable, nor does state law prohibit you from your continued employment should you be elected Constable next October. The limitation here is that the hours served in each position must not overlap or otherwise conflict with each other.
This opinion is limited to an examination of the dual officeholding statutes. Questions concerning the Code of Governmental Ethics should be forwarded to the Louisiana State Board of Ethics, P.O. Box 4368, Baton Rouge, LA 70821, phone 225-219-5600.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours, JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL KLK:arg
[1] Municipal police officers are considered to hold positions of employment, as opposed to appointive positions. See La. Atty. Gen. Op. 06-0166, citing La.R.S. 42:62(3).
[2] Even though you have been appointed to the temporary position of Interim Constable, because the office of constable is an elective office, you would be considered to be holding an elective office as Interim Constable for purposes of the Dual Officeholding Law. See La. Atty. Gen. Op. 90-0170.
[3] La.R.S. 42:62(9) provides: "political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's court, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.